[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2006
THOMAS K. KAHN
CLERK

No. 05-13865
Non-Argument Calendar

_____

D. C. Docket No. 04-00499-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VALENTIN MUNOZ-ARENAS,
a.k.a. Juan P. Santana,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 1, 2006)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Valentin Munoz Arenas pleaded guilty to illegal re-

entry after deportation, in violation of 8 U.S.C. § 1326. Arenas had been deported after a prior conviction for lewd and lascivious conduct upon a child under sixteen years old.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 8 under U.S.S.G. § 2L1.2. Arenas faced a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based on his prior conviction. With a three-level reduction for acceptance of responsibility, Arenas's total offense level was 21. Arenas had a level II criminal history category, resulting in a guidelines range of 41 to 51 months imprisonment.

Arenas originally objected to the enhancement and argued that the resulting sentencing range was unreasonable. At sentencing, however, Arenas withdrew this objection, noting that the prior offense qualified for the enhancement, and moved the court to consider a variance. Arenas argued that the prior conviction involved a consensual relationship with a 13-year old girl when he was 18 years old. He had been convicted of the offense, but had not been sentenced to jail time. He further argued that he had been living in the United States with his parents, wife, and children since the 1980's, and that he only re-entered the country to work to provide for his family. He stated that he did not need a harsh deterrent now that he realized the repercussions. He claimed that a sentence of 30 months imprisonment

2

would be sufficient. The government opposed the variance.

After considering what the guidelines range would have been without the enhancement, the court denied the motion for a variance, adopted the PSI, and sentenced Arenas to 41 months imprisonment. The court explained that it had considered the guidelines range and the § 3553(a) sentencing factors, and that the sentence within the range was sufficient but not greater than necessary to meet the sentencing goals.

On appeal, Arenas argues that the sentence imposed was unreasonable because the guidelines were only one factor the court was required to consider, and the remaining factors demonstrated that the sentence within the range was too severe to meet the goals set forth in § 3553(a). He asserts that a sentence of 30 months imprisonment would have been sufficient.

After Booker, we review a defendant's sentence for reasonableness.[1] United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2006); United States v. Crawford, 407F.3d 1174, 1179 (11th Cir. 2005). Additionally, the district court is still required to correctly calculate the guidelines range. See United States v. Lee,

---

[1] The government also argues that this court lacks jurisdiction to review the appeal. This court rejected that argument in United States v. Martinez, 434 F.3d 1318, 1321-22 (11th Cir.), petition for reh'g en banc denied, (Mar. 6, 2006). Additionally, the government argues that a sentence within the guidelines range is presumptively reasonable, a claim this court also has rejected. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2006).

427 F.3d 881, 892 (11th Cir. 2005), <u>cert. denied</u>, 126 S.Ct. 1447 (2006).  Arenas bears the burden of showing that his sentence was unreasonable.  <u>United States v. Talley</u>, 431 F.3d 784, 788 (11th Cir. 2005).

Here, we conclude that the sentence imposed was reasonable.  First, the court imposed sentence at the bottom of the guidelines range, and this sentence fell well below the statutory maximum of twenty years imprisonment.  <u>United States v. Martinez</u>, 434 F.3d 1318, 1322 (11th Cir. 2006); <u>Winingear</u>, 422 F.3d at 1246. The court also rejected Arenas's argument that the consensual nature of the prior relationship somehow lessened its importance for sentencing purposes.  The court then considered the sentencing factors of § 3553(a) and determined that a sentence at the low end of the range was sufficient to meet these factors.[2]  Although the court did not state the weight given to each factor, it was not required to do so. <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005); <u>United States v. Robles</u>, 408 F.3d 1324, 1328 (11th Cir. 2005).  Arenas asserts that 30 months imprisonment would have been sufficient, but he  has offered nothing to show that the sentence imposed was unreasonable.  Accordingly, we **AFFIRM.**

---

[2]  These factors include the available sentences, the calculated guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.  18 U.S.C. § 3553(a).